

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6979 | **DATE** | 7/29/2004 |
| **CASE TITLE** | Blue vs. 1ˢᵗ USA Bank | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, the Court hereby reverses the decision of the Bankruptcy Judge and remands the case back to the Bankruptcy Court for further proceedings consistent with this Court's opinion. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 30 2004 | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed to the parties in open Court. | | date docketed | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                               )
                                     )
LLOYD AND SANDRA BLUE                )   Case No. 03 C 6979
                                     )

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellants' appeal from Bankruptcy Judge

Carol A. Doyle's order denying their motion to vacate the order of July 24, 2003,

which denied their motion to disallow Appellee's proof of claim. For the reasons

stated below, we reverse the decision of the bankruptcy judge and remand the case.


BACKGROUND

Appellants Lloyd Blue and Sandra Blue ("Appellants") filed for Chapter 13

bankruptcy on June 15, 2001. In Schedule F, filed on August 2, 2001, Appellants

list at item four a $478.00 joint credit card debt to Appellee, First USA Bank

("Appellee"). ( R at 4). Appellee filed a proof of claim with the bankruptcy court

on September 18, 2001, using the prescribed official form and setting the value of

their claim at $602.25. Appellee attached to their Proof of Claim a one-page sheet

labeled "Account Summary," which listed Lloyd Appellant's name, social security

1

number, address and account balance. The Summary also had blanks for the date and amount of both the last payment and last purchase on the account, but those lines were left blank. On October 10, 2001, the final Chapter 13 plan was confirmed.

On June 27, 2003, the Appellants, under new representation, filed motions to disallow three claims, including Appellee's claim. In their motion to disallow Appellee's claim, the Appellants claimed that the summary attached to Appellee's proof of claim failed to satisfy the requirements of Federal Rule of Bankruptcy Procedure 3001(c). Judge Doyle heard the motion on July 24, 2003 and Appellee did not appear at the hearing. After hearing the Appellants' argument, Judge Doyle denied the motion in an order issued that same day. The Appellants filed a motion to vacate that order the next day, which the court also denied on August 21, 2003, despite the fact that Appellee failed to appear for the motion for reconsideration. The Appellants now appeal to this court, claiming that Judge Doyle erred by refusing to disallow Appellee's claim.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. On the appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997).

## DISCUSSION

The issues on appeal are whether First USA's Proof of Claim is deficient under Federal Rule of Bankruptcy Procedure 3001, and if so, what effect this deficiency has on the Appellants' motions to disallow that claim.

### I. Compliance With 15 U.S.C. § 501 and 15 U.S.C. § 502

Appellee argues that the bankruptcy judge ruled that Appellee's proof of claim complied with 15 U.S.C. § 501 and 15 U.S.C. § 502 which are the governing statutes for the allowance and disallowance of bankruptcy claims. Appellee argues that there is no provision in the statutes that requires documents be attached to the proof of claim. Appellee argues that Congress did not intend to require compliance with Rule 3001. We find Appellee's position to be unsupported and without merit. Appellee offers no cogent reason as to why compliance with the Rule would be discretionary.

3

## II. Compliance With Rule 3001(c)

Appellants contend that the bankruptcy judge was required to disallow Appellee's claim because Appellee did not comply with Rule 3001(c). Rule 3001(c) states that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c). If that writing "has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim" in its place. *Id.* Where the claimant fails to provide this required documentation, the court will not accord its claim *prima facie* validity. *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993); Fed. R. Bankr. P. 3001(f).

Appellee does not contest that it failed to follow the express requirements of Rule 3001(c) which provides for attaching an original or a duplicate of the writing that the claim is based upon. Appellees attempt to argue that they substantially complied with the rule, However, the rule's requirement is specific. Also, Appellee's attempt to incorporate the requirement that provides for substantial compliance which is included in Rule 3001(a) and which deals with the form of the proof of claim. However, there is no indication from a plain reading of Rule 3001 that the substantial compliance rule in (a) applies to (c) as well. It is clear that the account summary attached by Appellee to its proof of claim was insufficient to meet the requirements of Rule 3001(c).

Pursuant to Rule 3001(f) only a claim that was "executed and filed in

4

accordance with [the] rules shall constitute prima facie evidence of the validity and amount of the claim." Thus Appellee's proof of claim, which did not comply with Rule 3001(c), could not be deemed *prima facie* valid. Appellee did not appear in court to offer any oral argument to support its position. Therefore, the bankruptcy judge did not have a valid basis upon which to deny the motion for disallowance of the claim or the motion to vacate the prior ruling.

Appellee argues that under *Matter of Stoecker*, 5 F.3d 1022, 1027-28 (7th Cir. 1993), the bankruptcy judge was prohibited from disallowing the Appellee's claim simply because Appellee did not comply with Rule 3001(c). In *Matter of Stoecker* the court referred to the language "shall be filed" in Rule 3001(c) and cautioned against presuming that the language means that a bankruptcy judge must disallow a claim without leave to amend. *Id.* The court stated that if the creditor omits to include with its proof of claim certain required documentation, the creditor is not "forever barred from establishing the claim." *Id.* The court stated that "[n]othing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error . . . [and that] [f]orfeitures of valuable claims, and other heavy sanctions, should be reserved for consequential or easily concealed wrongs." *Id. Matter of Stoecker* does not support Appellee's assertion that the bankruptcy judge in this case was unable to disallow Appellee's claim in accordance with the mandates of Rule 3001(c). The court in *Matter of Stoecker* merely ruled that it would be overly harsh to disallow a claim

without giving leave to amend the proof of claim. *Id.*

Therefore, in the instant case, since Appellee did not comply with Rule 3001(c), and Appellee did not appear in court to offer any argument in support of its position, we find that the bankruptcy judge erred, in the absence of sufficient proof to support her decision, in denying Appellants' motion to disallow Appellee's claim and denying the motion for reconsideration. We remand this case to the bankruptcy judge and order her to disallow the Appellee's claim. However, we also instruct the bankruptcy judge, in accordance with *Matter of Stoecker*, that Appellee should "be allowed to amend his incomplete proof of claim . . . to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing." 5 F.3d at 1028.

## CONCLUSION

Based on the foregoing analysis, we reverse the bankruptcy judge's orders denying the Appellants' motion to disallow Appellee's claim and denying Appellants' motion to reconsider. We remand the case for further proceedings consistent with this opinion.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   July 29, 2004